## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN HALL,<br><br>           Plaintiff,<br><br>           v.<br><br>SAMANTHA REAY, *in her capacity as personal representative of the Estate of Robert M. Adelman*,<br><br>           Defendant. | COMPLAINT |

Plaintiff Susan Hall, by and through her undersigned counsel, brings this action to recover profits made by Robert M. Adelman, but never accounted for, from his use of photographs in which Ms. Hall holds joint copyrights.

## NATURE OF THE ACTION

1.      This is an action for a declaratory judgment that Ms. Hall holds a joint copyright in certain photographs, and for an accounting of any profits from the use of such photographs, as well as for attorneys' fees and costs, and such other relief as warranted by applicable law.

2.      Ms. Hall is an award-winning writer and film producer and a distinguished music and theater critic.

3.      Mr. Adelman was a photojournalist who, at the start of his career, photographed the early Civil Rights Movement, and later photographed people and events of social significance.

4.      Ms. Hall and Mr. Adelman are co-authors of, and joint holders of registered copyrights in, six books:  *On and Off the Street*, *Gentlemen of Leisure*, *Down Home*, *Street Smart*, *Ladies of the Night* and *Out of Left Field* (the "Books").  The Books include interviews

about certain topics (e.g., prostitution, baseball, life in the American South) accompanied by photographs of the interview subjects (the "Photographs").

5.      Ms. Hall and Mr. Adelman collaborated on the Books from start to finish.  For each of the Books, Ms. Hall and Mr. Adelman located subjects to be interviewed and photographed, and Mr. Adelman accompanied Ms. Hall to interviews, where he took photographs of the subjects.  In some instances, Ms. Hall contributed to the photographs, including their rendition and staging.

6.      Ms. Hall and Mr. Adelman worked together—conducting interviews and taking photographs—for the specific purpose of combining the interviews and photographs into jointly created books.

7.      After Ms. Hall and Mr. Adelman initially published the books together, each in the years that followed entered into contracts to re-publish and sell the books, as they were entitled to do, subject to a duty to account to the other for any profits.

8.      In 2011, Mr. Adelman privately sold part of his archive of physical photographs, along with a license to reproduce such photographs (the "Transaction").  Mr. Adelman did not account to Ms. Hall for, or inform Ms. Hall of, the Transaction.

9.      Mr. Adelman died in 2016.  This is an action against Mr. Adelman's estate (the "Estate") through the Estate's personal representative.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has subject matter jurisdiction of the Plaintiff's state law claim under the doctrine of supplemental jurisdiction, in that such claims form part of the same case or controversy.  *See* 28 U.S.C. § 1367.

11.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## PARTIES

13.     Plaintiff Susan Hall is a citizen of, and resides in, Manhattan, New York.

14.     On information and belief, at the time of his death, Robert M. Adelman was a citizen of, and resided in, Miami, Florida.

15.     Defendant Samantha Reay is the personal representative of the Estate of Robert M. Adelman, and therefore is a citizen of Florida pursuant to 28 U.S.C. § 1332(c)(2).

## FACTUAL BACKGROUND

### A.     Hall-Adelman Books

16.     Ms. Hall and Mr. Adelman were introduced to each other in 1969 in Manhattan, New York, where they both lived at the time.

17.     Over the course of their relationship, Ms. Hall and Mr. Adelman created and published six books together.

18.     The majority of Ms. Hall and Mr. Adelman's work together—among other things, interviewing and photographing subjects of certain books and editing the text and photographs for all of the Books—was done in Manhattan, New York.

19.     The first book that Ms. Hall and Mr. Adelman published together was *On and Off the Street*, in 1970, about a relationship between a black and a white boy in New York City. The registration number for this book's copyright is A188191.

20.     Ms. Hall selected the subjects of the book, interviewed them and ultimately brought along Mr. Adelman, who photographed them.

21.     The subjects of *On and Off the Street* lived in Manhattan, New York, and were interviewed and photographed there.

22.     Ms. Hall and Mr. Adelman published their second book, *Down Home*, which is about life in Alabama, in 1972.  The registration number for this book's copyright is PA0000899188.

23.     Mr. Adelman conceived the idea for *Down Home*, and published an article about the same in *Look* magazine.[1]  In the process of publishing his article, Mr. Adelman identified certain of the eventual subjects of *Down Home*.

24.     Once Ms. Hall became involved in the work for *Down Home*, the pair traveled to Alabama together, where Ms. Hall identified multiple additional subjects of the book.

25.     Ms. Hall and Mr. Adelman published their third book, *Gentlemen of Leisure, A Year in the Life of a Pimp*, which is about a charismatic New York "pimp", in 1972.  The registration numbers for this book's copyrights are A436099 and A440168.

26.     Ms. Hall was introduced to the main subject of *Gentlemen of Leisure* by an acquaintance of one of the subjects of *Ladies of the Night*, which is discussed below in Paragraphs 31-32.

27.     The copyright page in *Gentlemen of Leisure* states that it is "Photographed by Bob Adelman", and identifies the copyright owners as "Susan Hall & Bob Adelman".

---

[1] Certain of the photographs in *Down Home* are photographs that Mr. Adelman captured for and included in the *Look* magazine article.  Ms. Hall does not assert rights in those photographs.

28.     Ms. Hall and Mr. Adelman published their fourth book, *Street Smart*, which is about how children learn through play, in 1972.  The registration number for this book's copyright is A348674.

29.     To create *Street Smart*, Ms. Hall and Mr. Adelman found subjects on the streets of Manhattan, New York, obtained consent to interview and photograph those subjects who were minors and ultimately interviewed and photographed them.

30.     The copyright page in *Street Smart* states that it is "Photographed by Bob Adelman" with "Text edited by Susan Hall", and identifies the copyright owners as "Bob Adelman & Susan Hall".

31.     Ms. Hall and Mr. Adelman published their fifth book, *Ladies of the Night: Streetwalking, Madames, Massaging, Call Girls, Tricks, Partying, Hookers*, which is about prostitution, in 1973.  The registration numbers for this book's copyrights are A500368 and A500369.

32.     Ms. Hall was approached by a madame—a woman who runs a brothel—who suggested that Ms. Hall write a book about her.  Ms. Hall ultimately did so, conducting interviews while Mr. Adelman took photographs, as was their practice.  The interviews were conducted and the photographs were taken in Manhattan, New York.

33.     Ms. Hall and Mr. Adelman published their sixth book, *Out of Left Field: Willie Stargell and the Pittsburgh Pirates*, which is about the Pittsburgh Pirates Major League Baseball team, in 1976.  The registration number for this book's copyright is A793747.

34.     The idea for *Out of Left Field* came about when Ms. Hall and Mr. Adelman were approached by a literary agent about following the Pittsburgh Pirates for a season.  They ultimately did so, conducting interviews and taking photographs, as was their practice.

35.     The copyright page in *Out of Left Field* states that it is "By Bob Adelman &

Susan Hall", and identifies the copyright owners as "Bob Adelman, Susan Hall & Wilver D.

Stargell".

36.     Ms. Hall and Mr. Adelman worked together in the following manner when

creating each of the above-mentioned Books:

    a.     Ms. Hall was present at nearly all photography sessions in connection with
the Books, with the exception of the sessions for the photographs in *Down Home* that were taken from the *Look* magazine article.

    b.     Ms. Hall contributed to the setting and rendition of many of the photographs taken for the Books.

        (1)     For example, Ms. Hall suggested various settings for photographs, including specific locations in Central Park, piers on the Hudson River, specific schoolyards with colorful graffiti and a pecan tree in front of a courthouse in Alabama.

        (2)     In addition, during photography sessions, Ms. Hall frequently gave input regarding technical aspects of photographs, including decisions concerning aperture and film speed.

    c.     Ms. Hall conducted interviews and wrote text with the specific purpose of creating content for the Books.

    d.     Mr. Adelman took photographs with the specific purpose of creating content for the Books.

37.     In a June 21, 1971 interview in *Publishers Weekly*, Mr. Adelman remarked of the

books that Ms. Hall and Mr. Adelman published together:  "In our books, the text and pictures

are integral, and structured from naturally dramatic materials.  Language and pictures are

gathered simultaneously."

38.     In addition, when the physical prints of Mr. Adelman's archive were deposited in

the Library of Congress, many were deposited in boxes labeled with names of certain of the

Books.

C.      **Sale of Adelman Archive**

39.     On information and belief, Adelman's archive of photographs (the "Archive")
was purchased by an anonymous buyer (the "Buyer") in 2011 for $3,000,000.  As a part of the
Transaction, Mr. Adelman granted the Buyer a license to reproduce all photographs in the
Archive—including photographs from the Books.

40.     Mr. Adelman did not account to Ms. Hall for the Transaction.

41.     Mr. Adelman did not inform Ms. Hall of the Transaction.

42.     On information and belief, the Buyer subsequently donated a portion of the
Archive to the Library of Congress, and a portion of the Archive to the Baseball Hall of Fame.

43.     Ms. Hall did not learn of the Transaction until the Library of Congress published
a press release about it on March 20, 2017.[2]

## FIRST CLAIM FOR RELIEF

**Declaratory Judgment That Ms. Hall Holds a Joint Copyright in the Photographs**

44.     Paragraphs 1 through 43 of this Complaint are incorporated herein as if fully set
forth.

45.     Plaintiff seeks a declaratory judgment that she has a joint copyright in the
Photographs.

46.     An actual controversy exists between the parties as to whether Plaintiff has a joint
copyright in the Photographs.

47.     The Copyright Act of 1909 did not explicitly refer to the doctrine of joint
ownership, but its principles became well established by case law.

---

[2] Library Acquires Archives of Master Photographer Bob Adelman, Library of Congress (Mar. 20, 2017),
https://www.loc.gov/item/prn-17-036/library-acquires-archives-of-master-photographer-bob-adelman/2017-03-20/.

48.     Under the Copyright Act of 1909, a joint work was created when co-authors intended for their contributions to be embodied in a single work.

49.     The principles of joint ownership established under the Copyright Act of 1909 are largely unchanged under the Copyright Act of 1976.

50.     Under 17 U.S.C. § 101, "The authors of a joint work are co-owners of a copyright in the work."  A joint work is "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101.

51.     As set forth above, Ms. Hall and Mr. Adelman prepared each of the Books with the intention that their contributions—text and photographs—be merged into inseparable or interdependent parts of a unitary whole.

52.     As set forth above, Mr. Adelman took the Photographs with the specific purpose of including them in the Books.

53.     As a result, Ms. Hall and Mr. Adelman own an undivided interest, and joint copyrights, in the entire works, including in parts they did not individually create.

54.     Accordingly, Ms. Hall is entitled to a declaratory judgment that she holds a joint copyright in the Photographs.

## SECOND CLAIM FOR RELIEF

### Accounting of Profits from Photographs

55.     Plaintiff repeats and incorporates herein by reference the above allegations.

56.     This cause of action is for an accounting of Mr. Adelman's profits related to his sale, licensing, reproduction and distribution of the Photographs.

57.     As Ms. Hall is a joint owner of a copyright in the Photographs, she and Mr. Adelman are the owners in equal shares of the copyright in the Photographs.

58.     As a result of this joint ownership, each co-owner has a duty to account to the other for the profits they generate pursuant to their co-ownership of the copyright in the Photographs.

59.     Mr. Adelman granted the Buyer a license in the Photographs in connection with the Transaction without notice or account to Ms. Hall.

60.     Where, as here, a joint owner licenses only the portion of the joint work that he himself contributed—here, the photographs—the non-licensing joint author holds a joint copyright in such portion, and the licensing joint author must account to the other for any profits made in connection with such licensing.  Mr. Adelman must therefore account to Ms. Hall for all photographs comprising part of their jointly owned work, even if those photographs were separated from the joint work for licensing.

61.     Mr. Adelman collected substantial profits from the Transaction, on information and belief in the amount of $3,000,000; however, Mr. Adelman has not provided an accounting of such income to Ms. Hall.

62.     Ms. Hall seeks a judgment ordering the Estate, by and through its personal representative, Ms. Reay, to account for all income received in relation to the Transaction.

## PRAYER FOR RELIEF

A.     Declare that Ms. Hall is the holder of joint copyrights in the Photographs.

B.     Order that the Estate, by and through its personal representative, account for all profits derived from the Transaction.

B.      Order that the Estate, by and through its personal representative, disgorge half of all income received for the Photographs in connection with the Transaction.

C.     Award Ms. Hall all attorneys' fees and costs incurred in prosecuting this action.

D.    Award such other relief as the Court deems just and equitable.

DATED: March 19, 2020

CRAVATH, SWAINE & MOORE LLP,

by

*/s/ Charles E. Loeser*
_____
Charles E. Loeser
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
*cloeser@cravath.com*

*Attorneys for Plaintiff Susan Hall*