UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN HALL,<br><br>     Plaintiff,<br><br>     v.<br><br>SAMANTHA REAY, *in her capacity as personal representative of the Estate of Robert M. Adelman*,<br><br>     Defendant. | Case No: 1:20-cv-2436 (LGS) |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

Plaintiff, Counterclaim-Defendant Susan Hall ("Plaintiff" or "Hall") hereby responds to the Counterclaim of Defendant, Counterclaim-Plaintiff Samantha Reay ("Defendant" or "Reay") as follows:

1. Hall states that Paragraph 1 incorporates and adopts Defendant's Answer and Affirmative Defenses to the Complaint and requires no responsive pleading.

**I. INTRODUCTION**

2. Hall denies the allegations in Paragraph 2, except admits that this case involves a copyright dispute between Hall and Adelman, that Hall and Adelman were collaborators, and that Adelman photographed the early Civil Rights Movement.

3. Hall states that she lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3, except admits that she met Adelman in New York.

4. Hall denies the allegations in the first sentence of Paragraph 4, except admits that Adelman and Hall formed Prairie House Inc. in 1971. Hall denies the allegations in the second

sentence of Paragraph 4, except admits that Adelman took photographs for the books and Hall wrote and edited the text.

5. Hall denies the allegations in Paragraph 5, except admits that Hall and Adelman ultimately stopped packaging works through Prairie House Inc.

6. Hall denies the allegations in the first sentence of Paragraph 6, except admits that in 1996, she filed a claim against Adelman in small claims court in New York for monies owed to her by Adelman. Hall denies the allegations in the second sentence of Paragraph 6, and refers to the docket and filings in the 1996 case for their contents.

7. Hall denies the allegations in Paragraph 7, except admits that, at various times in and after 1996, she has made demands for an accounting based on Adelman's use of works in which Hall holds a joint copyright.

8. Hall denies the allegations in the first sentence of Paragraph 8, except admits that she has made various filings and appeared *pro se* in the Adelman Estate's probate proceeding to demand money that is owed to her. Hall denies the allegations in the second sentence of Paragraph 8, and refers to the docket and filings in the Florida probate proceeding for their contents.

9. Hall denies the allegations in Paragraph 9, except admits that she filed this action, seeking a declaratory judgment that she holds a joint copyright in Adelman's photographs that were part of the Books, and an accounting of profits from these photographs, and refers to the Complaint for its contents.

10. Hall denies the allegations in Paragraph 10, except admits that she seeks a declaratory judgment that she holds a joint copyright in certain photographs, and for an

accounting of any profits from the use of such photographs, and refers to the Complaint for its contents.

## II. THE PARTIES

11.     Hall states that the allegations in Paragraph 11 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall admits that Ms. Reay is the personal representative of the Estate of Robert M. Adelman, and refers to 28 U.S.C. § 1332 for its contents.

12.     Hall admits the allegations in Paragraph 12.

## III. JURISDICTION AND VENUE

13.     Hall states that the allegations in Paragraph 13 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall refers to 28 U.S.C. §§ 1331 and 1338 for their contents.

14.     Hall states that the allegations in Paragraph 14 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall refers to 28 U.S.C. § 1367 for its contents.

15.     Hall states that the allegations in Paragraph 15 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall admits the allegations.

## IV. FACTUAL BACKGROUND

### A. Adelman's Photography Career

16. Hall lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, except admits that Adelman photographed the early Civil Rights Movement.

17. Hall lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, except admits that Adelman photographed the early Civil Rights Movement.

18. Hall lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, except admits that Adelman photographed people and events of social significance.

19. Hall lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, except admits that Adelman photographed people and events of social significance.

20. Hall denies the allegations of Paragraph 20, except states that she lacks knowledge or information sufficient to form a belief as to Adelman's relationship with other collaborators.

21. Hall denies the allegations in Paragraph 21, except admits that Hall and Adelman began collaborating in 1970.

### B. The Books

22. Hall denies the allegations in Paragraph 22, except admits that she and Adelman created a book in 1970 entitled *On and Off the Street* that was published by Viking Press.

23. Hall denies the allegations in Paragraph 23, except admits that in or around 1971, Adelman and Hall formed a packaging company, Prairie House Inc., which packaged works that Adelman and Hall created, including *Down Home* (1972), *Gentlemen of Leisure, A Year in the Life of a Pimp* (1972), *Street Smart* (1972), *Ladies of the Night: Streetwalking, Madames, Massaging, Call Girls, Tricks, Partying, Hookers* (1973), and *Out of Left Field: Willie Stargell and the Pittsburgh Pirates* (1976).

24. Hall denies the allegations in Paragraph 24, except admits that certain of the photographs in *Down Home* are photographs that Mr. Adelman captured for and included in an article for *Look* magazine.

25. Hall denies the allegations in Paragraph 25, except admits that certain of the photographs in *Down Home* are photographs that Mr. Adelman captured for and included in an article for *Look* magazine.

26. Hall denies the allegations in Paragraph 26.

27. Hall denies the allegations in Paragraph 27, except admits that Hall's contributions to the Books included editing the text of the Books and providing captions and context to describe the photographs, admits that Adelman took the photographs for the Books, and refers to the cover and title pages of the Books for their contents.

28. Hall denies the allegations in the first sentence of Paragraph 28, except admits that certain of the photographs in *Down Home* are photographs that Mr. Adelman captured for and included in an article for *Look* magazine.  Hall denies the allegations in the second sentence of Paragraph 28, except admits that Hall and Adelman collaborated on the subjects of the Books. Hall denies the allegations in the third sentence of Paragraph 28.

29. Hall states that she lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29, and that certain of the allegations in Paragraph 29 contain conclusions of law as to which no responsive pleading is necessary.

30. Hall denies the allegations in Paragraph 30, except admits that her contributions the Books included interviewing subjects and providing and editing text for the Books.

31. Hall denies the allegations in Paragraph 31, except admits that she and Adelman filed copyright registrations for each of the Books, and refers to the copyright registrations for their contents.

32. Hall denies the allegations in Paragraph 32.

33. Hall denies the allegations in Paragraph 33.

34. Hall lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34.

35. Hall denies the allegations in Paragraph 35, except admits that Hall and Adelman stopped packaging works through Prairie House after 1976.

36. Hall lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36.

37. Hall lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37.

## C. Hall's Demands for Monies

38. Hall denies the allegations in Paragraph 38, except admits that she filed a complaint in small claims court in New York in 1996, and refers to the docket and filings in that case for their contents.

39. Hall denies the allegations in Paragraph 39, and refers to the New York City civil court docket, filings and orders for their contents.

40. Hall denies the allegations in Paragraph 40, except admits that she commenced the instant action in 2020.

41. Hall denies the allegations in Paragraph 41, and refers to the contents of any letters, faxes and emails for their contents.

42. Hall denies the allegations in Paragraph 42, and refers to the May 19, 2004 letter for its contents.

43. Hall lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43.

44. Hall denies the allegations in Paragraph 44.

45. Hall lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45.

46. Hall denies the allegations in Paragraph 46, except admits that she sought information regarding the republication of *Gentlemen of Leisure*, and refers to any communications between Hall and Adelman for their contents.

47. Hall denies the allegations in Paragraph 47.

48. Hall denies the allegations in Paragraph 48.

49. Hall lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49.

50. Hall lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50.

### D. Adelman's Sale of His Print Archive

51. Hall lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51.

52. Hall lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52, except admits that Adelman and Leavitt knew each other for years and that Leavitt worked as a lawyer.

53. Hall lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53.

54. Hall lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54.

55. Hall denies the allegations in Paragraph 55, except states that she lacks knowledge and information sufficient to form a belief as to the contents of Adelman's correspondence with Mitchell, and further states that certain of the allegations in Paragraph 55 contain conclusions of law as to which no responsive pleading is necessary.

### E. The Probate Proceeding and Hall's Unauthorized Conduct

56. Hall admits the allegations in Paragraph 56.

57. Hall lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57, and refers to the docket and filings in the Probate Proceeding for their contents.

58. Hall denies the allegations in Paragraph 58, except admits that she has made various filings and appeared *pro se* in the Probate Proceeding to demand money that is owed to her, and refers to the docket and filings in the Probate Proceeding for their contents.

59. Hall denies the allegations in Paragraph 59, and refers to the motion for its contents.

60. Hall denies the allegations in Paragraph 60, except admits that she has made various filings in the Probate Proceeding, and refers to such filings for their contents.

61. Hall denies the allegations in the first sentence of Paragraph 61, except admits that she has posted photographs, including some photographs taken by Adelman, on the Website. Hall denies the allegations in the second sentence of Paragraph 61, and refers to the Website for its contents.

62. Hall admits the allegations in the first sentence of Paragraph 62.  The allegations in the second sentence of Paragraph 62 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations, and refers to the Website for its contents.

63. The allegations in Paragraph 63 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations, and refers to any postings on Amazon.com for their contents.

64. The allegations in Paragraph 64 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations, and refers to the Amazon listings for their contents.

65. Hall denies the allegations in Paragraph 65, and refers to the E-Book for its contents.

66. The allegations in Paragraph 66 contain conclusions of law as to which no responsive pleading is necessary. To the extent an answer is required, Hall denies the allegations, and refers to the E-Book for its contents.

67. The allegations in Paragraph 67 contain conclusions of law as to which no responsive pleading is necessary. To the extent a response is required, Hall denies the allegations in Paragraph 67, except admits that Generation Trust bears the same mailing address as Hall.

68. Hall denies the allegations in Paragraph 68.

69. Hall lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69, and refers to the Florida probate court's order for its contents.

70. Hall denies the allegations in Paragraph 70, and refers to Reay's filings for their contents.

71. Hall denies the allegations in Paragraph 71, except admits that she filed the Complaint for a declaratory judgment that Ms. Hall holds a joint copyright in certain photographs, and for an accounting of any profits from the use of such photographs, and refers to the Complaint for its contents.

72. Hall denies the allegations in Paragraph 72, except admits that she filed an objection to Reay's petitions in the Probate Proceeding, and refers to that filing for its contents.

73. Hall denies the allegations in Paragraph 73, and refers to the Complaint for its contents.

74. Hall denies the allegations in Paragraph 74, except states that she lacks knowledge or information sufficient to form a belief as to the details of the sale, and admits that she seeks her share of profits from Adelman's sale of photographs in which Hall holds a joint copyright.

75. The allegations in Paragraph 75 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations in Paragraph 75, and refers to Defendant's Counterclaim for its contents.

## FIRST COUNTERCLAIM
### (Declaratory Judgment Regarding the Individual Photographs)

76. Hall incorporates and restates by reference each response to the allegations in each of the preceding paragraphs as if fully set forth herein.

77. Hall states that the allegations in Paragraph 77 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall refers to Defendant's Counterclaim for its contents.

78. Hall states that the allegations in Paragraph 78 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall admits the allegations.

79. Hall states that the allegations in Paragraph 79 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations.

80. Hall states that the allegations in Paragraph 80 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall states that she admits the allegations in Paragraph 80.

81. Hall denies the allegations in Paragraph 81, except admits that Adelman took the photographs for the Books and that Hall's contributions to the Books included editing the text of the Books.

82. Hall admits the allegations in Paragraph 82.

83. Hall denies the allegations in Paragraph 83.

84. Hall denies the allegations in Paragraph 84.

85. Hall denies the allegations in Paragraph 85.

86. Hall states that she lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86, and that certain of the allegations in Paragraph 86 contain conclusions of law as to which no responsive pleading is necessary.

87. Hall states that the allegations in Paragraph 87 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations.

88. Hall states that the allegations in Paragraph 88 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations.

89. Hall states that the allegations in Paragraph 89 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations.

90. Hall states that the allegations in Paragraph 90 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations.

91. Hall states that the allegations in Paragraph 91 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations.

## SECOND COUNTERCLAIM
### (Violation of 17 U.S.C. § 1202(a))

92. Hall incorporates and restates by reference each response to the allegations in each of the preceding paragraphs as if fully set forth herein.

93. Hall states that the allegations in Paragraph 93 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations.

94. Hall denies the allegations in Paragraph 94, except admits that she posted a photograph of Martin Luther King Jr. taken by Adelman, and refers to the Website for its contents.

95. Hall states that the allegations in Paragraph 95 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations, and refers to the Website for its contents.

96. Hall states that the allegations in Paragraph 96 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall refers to 17 U.S.C. § 1202 for its contents.

97. Hall states that the allegations in Paragraph 97 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations, and refers to the Website for its contents.

98. Hall states that the allegations in the first sentence of Paragraph 98 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations. Hall states that she lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 98, except admits that she and Adelman had not met in 1963.

99. Hall states that the allegations in Paragraph 99 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations, and refers to the Website for its contents.

100. Hall states that the allegations in Paragraph 100 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations, and refers to the Website for its contents.

101. Hall states that the allegations in Paragraph 101 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations.

102. Hall states that the allegations in Paragraph 102 contain conclusions of law as to which no responsive pleading is necessary, and refers to 17 U.S.C. § 1202(a) for its contents.

103.    Hall states that the allegations in Paragraph 103 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations.

104.    Hall states that the allegations in Paragraph 104 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations, and refers to 17 U.S.C. §§ 1202 and 1203 for their contents.

**THIRD COUNTERCLAIM**
**(Violation of 17 U.S.C. § 1202(b))**

105.    Hall incorporates and restates by reference each response to the allegations in each of the preceding paragraphs as if fully set forth herein.

106.    Hall states that the allegations in Paragraph 106 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall admits the allegations in Paragraph 106.

107.    Hall admits the allegations in Paragraph 107.

108.    Hall denies the allegations in Paragraph 108, and refers to any listings on Amazon.com for their contents.

109.    Hall denies the allegations in Paragraph 109, and refers to the listings on Amazon.com for their contents.

110.    Hall states that the allegations in Paragraph 110 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations, and refers to the E-Books for their contents.

111.    Hall denies the allegations in Paragraph 111, and refers to the E-Book for its contents.

112.    Hall states that the allegations in Paragraph 112 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations, and refers to the E-Books for its contents.

113.    Hall states that the allegations in Paragraph 113 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations, and refers to the E-Book for its contents.

114.    Hall denies the allegations in Paragraph 114, and refers to the E-Book for its contents.

115.    Hall states that the allegations in Paragraph 115 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall admits the allegations.

116.    Hall denies the allegations in Paragraph 116, and refers to the E-Book for its contents.

117.    Hall states that the allegations in Paragraph 117 contain conclusions of law as to which no responsive pleading is necessary, and refers to 17 U.S.C. § 1202 for its contents.

118.    Hall states that the allegations in Paragraph 118 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations.

119. Hall states that the allegations in Paragraph 119 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations.

120. Hall states that the allegations in Paragraph 120 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations.

121. Hall states that the allegations in Paragraph 121 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations.

122. Hall states that the allegations in Paragraph 122 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations.

123. Hall states that the allegations in Paragraph 123 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations.

124. Hall states that the allegations in Paragraph 124 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall refers to 17 U.S.C. §§ 1202 and 1203 for their contents.

**FOURTH COUNTERCLAIM**
**(Accounting)**

125. Hall incorporates and restates by reference each response to the allegations in each of the preceding paragraphs as if fully set forth herein.

126. Hall states that the allegations in Paragraph 126 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall admits the allegations.

127. Hall states that the allegations in Paragraph 127 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations.

128. Hall denies the allegations in Paragraph 128, and refers to any listings on Amazon.com for their contents.

129. Hall states that the allegations in Paragraph 129 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations, and refers to the E-Book and any listing on Amazon.com for their contents.

130. Hall states that the allegations in Paragraph 130 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall denies the allegations.

131. Hall states that the allegations in Paragraph 131 contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, Hall refers to Defendant's Counterclaim for its contents.

### JURY DEMAND

Hall states that Defendant's jury demand requires no responsive pleading.

### PRAYER FOR RELIEF

No responsive pleading is required in connection with Defendant's Prayer for Relief, but Hall denies that Defendant is entitled to any of the relief set forth therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim and each cause of action alleged therein fail to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

One or more of Defendant's purported claims for relief are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

One or more of Defendant's purported claims for relief are barred in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

One or more of Defendant's purported claims for relief are barred in whole or in part by the doctrine of acquiescence.

### FIFTH AFFIRMATIVE DEFENSE

One or more of Defendant's purported claims for relief are barred by the doctrine of equitable estoppel.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

One or more of Defendant's purported claims for relief are barred by the doctrine of waiver, express or implied.

DATED: June 23, 2020

                                                    CRAVATH, SWAINE & MOORE LLP,

by
                                                    */s/ Charles E. Loeser*
                                                      Charles E. Loeser
                                                  Worldwide Plaza
                                               825 Eighth Avenue
                                               New York, NY 10019
                                                 (212) 474-1000
                                                   *cloeser@cravath.com*

                                     *Attorneys for Plaintiff Susan Hall*