**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUSAN HALL,<br><br>                                          Plaintiff,<br><br>            -against-<br><br>SAMANTHA REAY, *in her capacity as*<br>*personal representative of the Estate of*<br>*Robert M. Adelman*,<br><br>                                          Defendant. | Case No: 1:20-cv-02436 |

**PLAINTIFF SUSAN HALL'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT SAMANTHA REAY'S MOTION FOR JUDGMENT ON THE
PLEADINGS**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT.............................................................................................1

FACTUAL BACKGROUND..............................................................................................3

LEGAL STANDARD ......................................................................................................5

ARGUMENT ...............................................................................................................6

I.      DEFENDANT FAILS TO ESTABLISH THAT HALL'S COPYRIGHT CO-OWNERSHIP CLAIM IS UNTIMELY ...........................................................6

      A.     There are issues of material fact regarding the 1996 Action that preclude judgment as a matter of law.........................................................7

      B.     There are issues of material fact regarding Adelman's alleged "long-standing refusal to account or to share profits" with Hall that preclude judgment as a matter of law........................................................ 10

      C.     There are issues of material fact regarding the 2016 Statement of Claim that preclude judgment as a matter of law..................................... 12

CONCLUSION............................................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Citibank, N.A. v. Tormar Assocs. LLC*, No. 15 Civ. 1932, 2015 WL
7288652 (S.D.N.Y. Nov. 17, 2015)..................................................................... 6, 10

*Cole v. Blackwell Fuller Music Publ'g, LLC*, No. 16-CV-7014 (VSB),
2018 WL 4680989 (S.D.N.Y. Sept. 28, 2018)...................................................... 8, 11

*Conopco, Inc. v. Roll Int'l*, 231 F.3d 82 (2d Cir. 2000) ......................................... 7

*Distribuidora De Discos Karen C. Por A. v. Universal Music Group, Inc.*,
13-cv-7706 (JPO), 2017 WL 1019697 (S.D.N.Y. Mar. 15, 2017)............................. 7

*DoubleLine Capital LP v. Odebrecht Fin., Ltd.*, 323 F. Supp. 3d 393
(S.D.N.Y. 2018) .................................................................................................. 6, 7

*Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d 273 (S.D.N.Y. 2012)............................ 5

*Exceller Software Corp. v. Pearson Educ., Inc.*, No. 10 Civ. 0381 (PGG),
2010 WL 4486944 (S.D.N.Y. Nov. 9, 2010)............................................................ 8

*Gary Friedrich Enterprises, LLC v. Marvel Characters, Inc.*, 716 F.3d 302
(2d Cir. 2013) .......................................................................................................11

*Kwan v. Schlein*, 634 F.3d 224 (2d Cir. 2011)...................................................... 7

*Lickteig v. Cerberus Capital Mgmt., L.P.*, No. 1:19-CV-5263-GHW, 2020
WL 1989424 (S.D.N.Y. Apr. 26, 2020) ............................................................. 6, 7

*Mahan v. Roc Nation, LLC*, No. 14 CIV. 5075 LGS, 2015 WL 1782095
(S.D.N.Y. Apr. 15, 2015) ....................................................................................11

*Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639 (2d Cir. 1988) .................................. 5

*Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406 (2d Cir. 2008)..................................... 6

*Verragio, Ltd. v. AE Jewelers, Inc.*, No. 15 Civ. 6500, 2017 WL 4125368
(S.D.N.Y. Aug. 23, 2017) .................................................................................... 5

*Wilson v. Dynatone Publ'g Co.*, 892 F.3d 112 (2d Cir.), *reh'g denied*, 908
F.3d 843 (2d Cir. 2018) ...................................................................................... 7

**Statutes & Rules**

Fed. R. Civ. P. 12(c)................................................................................................. 5

Plaintiff Susan Hall ("Hall" or "Plaintiff") respectfully submits this memorandum of law in opposition to the motion for judgment on the pleadings filed by Defendant Samantha Reay ("Reay" or "Defendant").

## PRELIMINARY STATEMENT

This case involves six books consisting of text and photographs created by Plaintiff Susan Hall and Robert M. Adelman ("Adelman") in the 1970s. It is undisputed that Hall holds a joint copyright in the six books. The principal question, about which Hall seeks a declaratory judgment, is whether Hall holds a joint copyright in photographs that Adelman captured for the books. Defendant asserts that Plaintiff's claims, involving hundreds of photographs across these six books, are untimely, and seeks to dispose of them on the basis of: (1) a 1996 court order involving three photographs from one book; (2) unsupported factual allegations concerning Adelman's use of the photographs; and (3) a one-page statement of claim referencing various works not at issue in this case. However, accepting Plaintiff's pleadings as true and drawing all inferences in her favor, Defendant fails to establish that Plaintiff's claims are untimely.

Defendant cites a small claims court decision from 1996 (the "1996 Decision") regarding a licensing deal Adelman entered into concerning three photographs from one book that Hall and Adelman created together, and argues that it is clear from the Decision that Adelman repudiated Hall's rights in all photographs that were taken for and included in all six books. But Defendant points to language that characterizes Adelman's argument, and that language suggests that photographs that were the subject of "joint efforts"—like the Photographs in this case—were *not* the subject of the 1996 Action. (1996 Decision at 2 ("According to [Adelman], only use of a joint effort requires a split of money with Ms. Hall, a situation that did not obtain here.").) Because the text

of the 1996 Decision is, at best, ambiguous regarding the underlying dispute and the arguments advanced by the parties, Defendant fails to clearly show that a reasonably diligent plaintiff would have been on notice that Adelman was repudiating all of Hall's rights in all of the photographs included in all of the six books.  Moreover, there are issues of material fact concerning the decision, including which photographs were at issue and how the photographs were created, that preclude a judgment on the pleadings.

Defendant also claims, contrary to Plaintiff's pleadings, that, for years, Adelman did not account to Hall for the profits he made in connection with the use of the photographs in the six books, and that Hall was "well aware" of this practice.  However, Plaintiff's pleadings—which are entitled to the presumption of truth—contradict this assertion.  Accordingly, Defendant's unsupported assertion about Adelman's use of the photographs in the years after the 1996 Decision also does not provide a basis for Defendant's motion for judgment on the pleadings.

Finally, Defendant cites a statement of claim that Plaintiff filed in the Adelman Estate's probate proceeding in 2016 (the "Statement of Claim"), and argues that the fact that Adelman made various films, books and other works establishes that Hall knew Adelman was exploiting his copyright in the photographs from the six books without accounting to her.  (*See* Mot. to Dismiss (ECF No. 34) at 12-13.)  However, there is no information before the Court regarding what the works referenced in the Statement of Claim are, and, furthermore, nothing in the Statement of Claim demonstrates that the listed works derived from or used the photographs in the six books, rather than the six books themselves, in which Hall and Adelman undisputedly hold a joint copyright.

These are outstanding issues of material fact, and, as a result, the Statement of Claim does not support Defendant's motion for judgment on the pleadings.

All of the issues Defendant raises are fact intensive and involve disputed issues of material fact. As a result, they are inappropriate for resolution before discovery has closed. Defendant's motion for judgment on the pleadings should therefore be denied.

## FACTUAL BACKGROUND

Susan Hall, a writer and film producer, and Adelman, a photojournalist, created six books together—*On and Off the Street, Gentleman of Leisure, Down Home, Street Smart, Ladies of the Night* and *Out of Left Field* (together, the "Books"). (Compl. (ECF No. 1) ¶¶ 2-4.) The Books include interviews accompanied by photographs of the interview subjects (the "Photographs"). (*Id.* ¶ 4.) Hall and Adelman collaborated on the Books from start to finish, and in many instances, Hall and Adelman located subjects to be interviewed and photographed, and Adelman accompanied Hall to interviews, where he took photographs of the subjects. (*Id.* ¶ 5.) In those instances, Hall often assisted Adelman with the composition and staging of the photographs, while at times, Adelman took the photographs without Hall's input. (*See id.* ¶ 5.) In yet other instances, Adelman took photographs in advance of the interviews, and without Hall. (*E.g., id.* ¶ 23 & n.1.)

In 1996, Hall filed a complaint in small claims court in New York. (Def.'s Answer and Counterclaim (ECF No. 17) ("Def.'s Answer") ¶ 38; Pl.'s Answer to Def.'s Counterclaim (ECF No. 26) ("Pl.'s Answer") ¶ 38.) The only document Defendant has presented to the Court from the small claims action (the "1996 Action") is the decision dismissing the case, dated October 28, 1996. (Decl. of Nancy E. Wolff (ECF No. 35-1) ("Wolff Decl."), Ex. A (the "1996 Decision").) The 1996 Decision states that the case

3

involves Adelman's use of "three photographs contained in *Gentleman of Leisure*".

(1996 Decision at 2.)  The Decision does not identify which of the roughly 110

photographs in *Gentleman of Leisure* are at issue, or otherwise describe anything about

the photographs, including how they were captured or created.  (*See generally id.*)

Summarizing Hall's argument, the Decision states that Hall argued that "any future

income derived from the text or the photographs must be shared by" Hall and Adelman.

(*Id.* at 1-2.)  According to the Decision, Adelman countered that he "is the photographer

and . . . the sole owner of his work.  According to him, only use of a joint effort requires a

split of money with Ms. Hall, a situation that did not obtain here.  Additionally, in this

instance, *Americana* was not a completed project and the three photographs were not

published by Macmillan."  (*Id.* at 2.)  Ultimately, the Decision dismissed the case because

it was "essentially an action to enforce rights accorded by the Federal Copyright Law

which must be litigated in Federal Court".  (*Id.* at 3.)

After the 1996 Action, Hall made various demands for an accounting

based on Adelman's use of books in which Hall holds a joint copyright.  (Pl.'s Answer

¶ 7.)  While Adelman sold part of his archive of physical photographs, along with a

license to reproduce the photographs, in 2011 (the "2011 Transaction"), Adelman did not

inform Hall of this sale, and Hall did not learn of it until March 20, 2017.  (Compl. ¶¶ 39,

41, 43.)

Adelman died in 2016, after which his daughter, Reay, commenced a

probate proceeding in Florida.  (Compl. ¶ 9; Def.'s Answer ¶ 57.)  On June 6, 2016, Hall

filed a Statement of Claim in the probate proceeding for monies owed to her.  (Wolff

Decl., Ex. B.)  In the Statement of Claim, Hall stated that Adelman had failed to account

for his exercise of joint copyrights in:

> "Film by Hughes Bros., Film by Ice T, Brook 'Mine Eyes',
> archival sell [sic] to Dell Foundation/Ransom Center by
> Magnum and other possible archival sales, illegal
> publication of Gentleman of Leisure by Powerhouse Books.
> Titles registered with joint copyright by Library of
> Congress:  On and Off the Street, Street Smart, Down
> Home, Gentleman of Leisure, Ladies of the Night, Out of
> Left Field."

(2016 Statement of Claim.)  The Statement of Claim provides no additional information

about any of the listed works, and notably, there is no suggestion that the works involved

a joint copyright in the Photographs at issue in this case.  (*See generally id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) authorizes the Court to grant

judgment on the pleadings only "where material facts are undisputed and where a

judgment on the merits is possible merely by considering the contents of the pleadings".

*Verragio, Ltd. v. AE Jewelers, Inc.*, No. 15 Civ. 6500, 2017 WL 4125368, at \*4

(S.D.N.Y. Aug. 23, 2017) (quoting *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639,

642 (2d Cir. 1988)).  A movant is thus entitled to prevail "only if it establishes that no

material issue of fact remains to be resolved and that [she] is entitled to judgment as a

matter of law", *id.* (citation omitted), or, put another way, if she "can establish a set of

facts that would preclude [the nonmoving party] from obtaining relief".  *Effie Film, LLC

v. Pomerance*, 909 F. Supp. 2d 273, 290 (S.D.N.Y. 2012) (internal quotation marks and

citation omitted).

"The standard for granting a Rule 12(c) motion for judgment on the

pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim."

*Citibank, N.A. v. Tormar Assocs. LLC*, No. 15 Civ. 1932, 2015 WL 7288652, at *3 (S.D.N.Y. Nov. 17, 2015) (citation omitted).  "In both postures, the district court must accept all allegations in the non-movant's pleadings as true and draw all inferences in [that party's] favor." *Id.* (alteration in original) (citation omitted).[1]

## ARGUMENT

I.    DEFENDANT FAILS TO ESTABLISH THAT HALL'S COPYRIGHT CO-
      OWNERSHIP CLAIM IS UNTIMELY.

Defendant argues that the 1996 Decision, Hall's alleged knowledge of Adelman's failure to account to Hall for her share of his profits from licensing the Photographs and the 2016 Statement of Claim each would have put a reasonably diligent plaintiff on notice that Adelman had repudiated Hall's rights in all of the Photographs. However, the 1996 Decision and the 2016 Statement of Claim are ambiguous, and there are disputed issues of material fact concerning whether Hall knew of Adelman's alleged failure to account.  Accordingly, Defendant has failed to establish that dismissal of the complaint based on the statute of limitations is warranted.

"The statute of limitations is an affirmative defense as to which Defendant[] carr[ies] the burden of showing that [Hall] failed to plead timely claims." *Lickteig v. Cerberus Capital Mgmt., L.P.*, No. 1:19-CV-5263-GHW, 2020 WL 1989424, at *6 (S.D.N.Y. Apr. 26, 2020) (quoting *DoubleLine Capital LP v. Odebrecht Fin., Ltd.*, 323 F. Supp. 3d 393, 435 (S.D.N.Y. 2018); *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008)).  "Accordingly, dismissal of the complaint based on the statute

---

[1] Plaintiff does not dispute that the Court may take judicial notice of the 1996 Decision and the 2016 Statement of Claim on a motion for judgment on the pleadings.  Because no other extraneous materials have been presented to the Court, and because fact discovery is ongoing, Plaintiff respectfully requests that the Court decide the instant motion in the form it was filed—as a motion for judgment on the pleadings— and allow any motions for summary judgment to proceed as scheduled at the end of discovery.

of limitations at the pleading stage is warranted only if it is clear from the face of the

complaint, and matters of which the court may take judicial notice, that the plaintiff's

claims are barred as a matter of law." *Id.* (quoting *DoubleLine Capital LP*, 323 F. Supp.

3d at 435; *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)) (internal quotation

marks omitted).

A three-year limitations period begins to run on a copyright ownership

claim "when a reasonably diligent plaintiff would have been put on inquiry as to the

existence of a right". *Wilson v. Dynatone Publ'g Co.*, 892 F.3d 112 (2d Cir.), *reh'g*

*denied*, 908 F.3d 843 (2d Cir. 2018) (quoting *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir.

2011)) (internal quotation marks omitted).  At least three types of events can put a

potential plaintiff on notice as to the existence of an ownership right, and thereby trigger

the three-year limitations period for copyright ownership claim:  (1) public repudiation;

(2) private repudiation in communications between the parties; and (3) implicit

repudiation by conspicuously exploiting the copyright without paying royalties.  *Id.*

    A.    <u>There are issues of material fact regarding the 1996 Action that preclude
judgment as a matter of law.</u>

Defendant points to the 1996 Decision, which involved three unidentified

photographs from one of the six Books, and argues that the Decision establishes that

"Adelman expressly repudiated Plaintiff's co-ownership" of hundreds of photographs

from all six Books.  (Mot. to Dismiss at 9.)  However, notice of repudiation of one's

rights in one work typically does not extend to other works.  *See, e.g., Distribuidora De*

*Discos Karen C. Por A. v. Universal Music Group, Inc.*, 13-cv-7706 (JPO), 2017 WL

1019697 (S.D.N.Y. Mar. 15, 2017) (denying motion for judgment on the pleadings based

on statute of limitations where agreement cited by Defendant to show express repudiation

covered only a subset of the works at issue and did not clearly constitute a full transfer of

rights); *Exceller Software Corp. v. Pearson Educ., Inc.*, No. 10 Civ. 0381 (PGG), 2010

WL 4486944, at *3 (S.D.N.Y. Nov. 9, 2010) ("With respect to the [Software

Development Agreement], this Court cannot hold as a matter of law that the parties'

agreement put [plaintiff] on notice that it was not a co-author.  The SDA states that

'Copyright in the Software product of the Work shall be jointly held.'  While Defendants

contend that other language in the SDA makes clear that the parties retained rights only

to the elements they contributed to the FOG product, this argument, at best, suggests that

the SDA might be ambiguous.").

Notably, Defendant cites no case where a court held that notice of

repudiation in one work put a party on notice of repudiation in entirely different works.

The one case Defendant cites in an attempt to support this proposition, *Cole v. Blackwell*

*Fuller Music Publ'g, LLC*, No. 16-CV-7014 (VSB), 2018 WL 4680989 (S.D.N.Y. Sept.

28, 2018), does not support Defendant's argument.  In *Cole*, the court in fact noted that

defendant cited *no* "cases holding that knowledge of an ownership claim for one work

may trigger the statute of limitations for an ownership claim in another work".  *Id.* at *6

n.9.  While the court stated that, under the specific facts of the case, such an argument

was "plausible", *id.*, it did not hold that knowledge of an ownership claim for one work in

*Cole* extended to the other.  *Id.* at *6.

Defendant also argues that "[t]here is nothing on the face of the decision

to suggest that Adelman's repudiation in the 1996 Action should be construed narrowly

in the context of only three photographs or only one book."  (Mot. to Dismiss at 11.)

Defendant is mistaken.  The 1996 Decision summarizes Adelman's argument that works

8

that were the product of a "joint effort"—like the Photographs here, which Adelman took

for the Books, typically in Hall's presence, and sometimes with Hall's assistance—were

not at issue in the 1996 Action.  (1996 Decision at 2.)  Accordingly, Adelman's

arguments in the 1996 Action, which according to the 1996 Decision applied only to

photographs that were not the product of a joint effort, do not apply to the Photographs at

issue in this case.

        In addition, the 1996 Action does not even specify which three of the

dozens of photographs in *Gentleman of Leisure* were at issue.  Consequently, the

Decision does not shed any light on the creative process involved for capturing any of the

three photographs, including whether the photographs at issue were taken without Hall—

and, as Hall asserts in the Complaint, the creative process for capturing all of the

Photographs in the Books was not uniform.  (*See, e.g.*, Compl. ¶¶ 5, 23 & n.1, 36(a)-(b).)[2]

Moreover, the Decision does not excerpt or quote any portion of either party's moving

papers or arguments, and instead characterizes the arguments, which creates an issue of

material fact as to the specifics of the parties' arguments.  The Decision does not make

clear whether Adelman argued that he took the photographs at issue before he and Hall

began working together on *Gentleman of Leisure*, making them not joint efforts, that he

viewed all of his photographs as not "joint efforts" or whether Adelman advanced a

different argument altogether.  When deciding whether a party's arguments about three

_____

[2] Defendant argues that "[a] reasonably diligent plaintiff would have discerned that, in asserting sole
ownership as the photographer, Adelman's assertion plausibly extended to all the photographs that he
captured during the span of their collaboration, *given that their creative process was the same for each of
the six Books*, and that Adelman did not intend to compensate Hall for uses of his photographs".  (Mot. to
Dismiss at 10 (emphasis added).)  The Complaint alleges that the creative process varied within and
between books, contradicting this assertion.

photographs extend to hundreds of other photographs, understanding the specifics of the arguments is essential.

Defendant thus cannot meet her burden to establish that Plaintiff's claims are untimely by arguing that the 1996 Action should be construed so broadly as to apply to hundreds of photograph six books.  Drawing all inferences in Hall's favor, *Citibank, N.A.*, 2015 WL 7288652, at *3, the 1996 Decision should be limited to the three photographs at issue in that case, or at most to photographs that were not the product of a "joint effort."

Evidently, there are issues of material fact that must be resolved before it is possible to determine whether a reasonably diligent plaintiff would have discerned that Adelman's assertion about three photographs from one book extended to the hundreds of photographs from all six Books.  These issues of material fact make judgment as a matter of law inappropriate.

> B.  <u>There are issues of material fact regarding Adelman's alleged "long-standing refusal to account or to share profits" with Hall that preclude judgment as a matter of law.</u>

Defendant next argues that Adelman's alleged "long-standing refusal to account or to share profits with [Hall] from the exploitation of his photographs" constitutes an implicit repudiation of Hall's co-ownership in the Photographs.  (Mot. to Dismiss at 11.)  This assertion is contrary to Hall's pleadings, which the Court must accept as true at this stage of litigation.  In particular, Defendant cites Paragraph 59 of the Complaint in support of the assertion that, before March 2017, Adelman "openly and notoriously use[d] and license[d] his photographs" without accounting to Hall.  (Mot. to Dismiss at 11.)  However, Paragraph 59 of the Complaint states that Adelman granted a buyer a license in the photographs in connection with the transaction "without notice or

10

account to Hall", and the Complaint elsewhere alleges that Adelman "did not inform Ms.
Hall of the Transaction" (Compl. ¶ 41), and that Hall "did not learn of the Transaction"
until March 20, 2017 (*id.* ¶ 43)—quite the opposite of "open and notorious" use.  Nothing
in Hall's pleadings supports the proposition that Hall knew about Adelman's exploitation
of and refusal to account to her for profits from the Photographs before March 20, 2017.
At best, the pleadings demonstrate that this fact is very much in dispute.  Accordingly,
Defendant's motion for judgment on the pleadings on this basis should be denied.

Further, failure to pay royalties is only an implicit repudiation where the
copyright holder is "*conspicuously* exploiting the copyright without paying royalties".
*Gary Friedrich Enterprises, LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 317 (2d Cir.
2013) (emphasis added); *see e.g.*, *Mahan v. Roc Nation, LLC*, No. 14 CIV. 5075 LGS,
2015 WL 1782095, at *4 (S.D.N.Y. Apr. 15, 2015), *aff'd*, 634 F. App'x 329 (2d Cir.
2016) ("[T]he absence of any royalties sent to Plaintiff also gave him reason to know of
his injury. As the Complaint itself alleges, the Albums were all commercial successes—
two of the Albums debuted at number one on the Billboard 2000 album chart and the
remaining Album peaked at number five on the same chart."); *Cole*, 2018 WL 4680989,
at *5 ("While copyright registration, on its own, is not an effective repudiation sufficient
to provide reasonable notice to a copyright ownership claimant, when considered together
with Plaintiff's failure to receive royalties, despite the widespread distribution and
exploitation of the Compositions, Plaintiff was on notice of his claims at least as of the
1970s or 1980s.  The Compositions were commercially released following registration of
the copyrights, and they were performed and made famous by Bob Marley during that
time.").  In contrast, there are no undisputed facts pled in the instant case establishing any

instance of Adelman "conspicuously" exploiting his copyright in the Photographs, or doing so with great commercial success, such that Hall should have been put on notice of Adelman's repudiation of her rights.

Because the pleadings contradict Defendant's assertion that Adelman conspicuously exploited his copyright in the Photographs while refusing to account to Hall, the assertion that such exploitation constituted an implicit repudiation of Hall's joint ownership in the Photographs does not support Defendant's motion for judgment on the pleadings.

C.   There are issues of material fact regarding the 2016 Statement of Claim that preclude judgment as a matter of law.

Finally, Defendant argues that the 2016 Statement of Claim proves that Hall was aware of Adelman's failure to account for his use of the Photographs, which, Defendant argues, constitutes a repudiation of Hall's rights.  This argument fails for several reasons.  Importantly, it is not apparent from the Statement of Claim what any of the works listed are.  At the time, Hall sought an accounting for "Film by Hughes Bros., Film by Ice T, Book 'Mine Eyes', archival sell [sic] to Dell Foundation/Ransom Center by Magnum and other possible archival sales, [and] illegal publication of Gentleman of Leisure by Powerhouse Books".  (Mot. to Dismiss at 12.)  There is no information in the Statement of Claim or the pleadings regarding the nature of these works, and certainly no suggestion that they used or derived from the Photographs alone, as opposed to from the Books.  Defendant argues that the reference to "other archival sales" must be a veiled reference to the 2011 Transaction (Mot. to Dismiss at 13), despite Hall's pleadings to the contrary.  (*See, e.g.*, Compl. ¶¶ 39, 43).  On this basis, Defendant urges the Court to disregard the legal standard for a motion for judgment on the pleadings and not presume

Hall's pleadings regarding the 2011 sale to be true because Hall's allegations are "belied

by the record".  (MTD at 14.)  Defendant's argument is baseless speculation, and should

be disregarded.

Moreover, certain of the items listed in the Statement of Claim are clearly

related to the Books; namely "illegal publication of Gentleman of Leisure".  Defendant

does not contend that uses of the Books—in which the parties undisputedly hold a joint

copyright—should have put Hall on notice of Defendant's repudiation of Hall's copyright

in the Photographs.  (*See* Mot. to Dismiss at 12-13 ("In lodging [the Statement of Claim]

against the Estate, and identifying a laundry list of uses, Plaintiff demonstrated that she

was well aware that Adelman had freely and openly exploited his *photographic works* as

the sole copyright owner for years prior without any regard for Plaintiff's alleged rights."

(emphasis added)).)

Because there are disputed issues of material fact regarding the 2016

Statement of Claim, judgment as a matter of law is not warranted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court

deny Defendant's motion for judgment on the pleadings.


Dated: August 10, 2020

CRAVATH, SWAINE & MOORE LLP,

by

*/s/ Charles E. Loeser*
Charles E. Loeser

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
*cloeser@cravath.com*


*Attorneys for Plaintiff Susan Hall*

14