

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

41 MADISON AVENUE
NEW YORK, NY 10010
T: 212 974 7474
F: 212 974 8474
www.cdas.com

NANCY E. WOLFF
212-974-7474
NWOLFF@CDAS.COM

JEAN ALBERT
FREDERICK P. BIMBLER
SUSAN H. BODINE
ANDREA F. CANNISTRACI
TIMOTHY J. DEBAETS
ROBERT J. EPSTEIN
BRIANA HILL■
DOUGLAS P. JACOBS*
BENJAMIN JAFFE
ELLIS B. LEVINE
SIMON N. PULMAN*○
JOSHUA B. SESSLER
J. STEPHEN SHEPPARD♦
SCOTT J. SHOLDER*
KENNETH N. SWEZEY†
NANCY E. WOLFF●*†

ELIZABETH ALTMAN
POONEH AMINIAN■
GOLDA CALONGE
LINDSAY R. EDELSTEIN*
SARA GATES
JOSHUA M. GREENBERG
MIKAELA I. GROSS
MARC HERSHBERG
TYLER HOROWITZ
NOVIKA ISHAR
PHILLIP E. JACKMAN
CALVIN MOHAMMADI■
AMY STEIN

OF COUNSEL:
ROBERT I. FREEDMAN

SPECIAL COUNSEL:
ALEX GIGANTE

PHILIP M. COWAN
   (1943-2001)
HOWARD ABRAHAMS
   (1945-1996)

■ ADMITTED IN CA
† ALSO ADMITTED IN CA
♦ ALSO ADMITTED IN DC
○ ALSO ADMITTED IN GA
* ALSO ADMITTED IN NJ
● ALSO ADMITTED IN PA

_____

BEVERLY HILLS OFFICE:
9454 WILSHIRE BLVD, SUITE 901
BEVERLY HILLS, CA 90212

September 4, 2020

**VIA ECF**
Hon. Lorna G. Schofield
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

   Re:  *Hall v. Reay*, Case No. 1:20-cv-02436-LGS

Dear Judge Schofield:

We represent defendant Samantha Reay, in her capacity as personal representative of the Estate of Robert M. Adelman ("Defendant"), in the above-referenced matter. We write in response to plaintiff Susan Hall's ("Plaintiff" or "Ms. Hall") letter, dated August 28, 2020, requesting a pre-motion conference regarding a dispute over Defendant's designation of two documents as "Attorneys' Eyes Only" ("AEO") pursuant to the Stipulated Protective Order. *See* Dkt. No. 31. The documents at issue are: (1) an agreement of sale, dated June 7, 2011, and (2) an amendment to that agreement (collectively, the "Agreement"). Plaintiff's counsel is asking the Court to compel Defendant to produce the Agreement in full under a "Confidential" designation so that counsel may share it with Ms. Hall. For the reasons detailed below, Defendant opposes Plaintiff's application and requests that the Court maintain the Agreement under an AEO designation.

Notably, Defendant used the AEO designation extremely sparingly and, of her entire production, only designated the Agreement as AEO pursuant to paragraph 3(a) and (b) of the Protective Order after careful reflection. The Protective Order states, in relevant part, that a party may designate as AEO discovery material that (a) contains highly confidential or highly sensitive information, the disclosure of which is likely to have a significant effect on current or future (i) business or commercial strategies or decisions or . . . (b) the disclosure to persons other than those authorized under paragraph 8 below is restricted by law . . . ." Dkt. No. 31. Notably, the Protective Order does not specify whose business or commercial strategies or decisions should be implicated to merit an AEO designation.

Of particular risk here is the disclosure of the highly confidential business information of the third-party buyer of Mr. Adelman's physical archive, along with the privacy interests of the other individuals identified in the Agreement. These third parties, who are not a party to this litigation and cannot speak for themselves in this proceeding, have a significant interest in maintaining the confidentiality of the specific terms contained in the proprietary purchase Agreement. As Plaintiff's counsel indicated, the Agreement contains a confidentiality provision that prohibits either party to the Agreement from disclosing the



C<small>OWAN</small>,

D<small>E</small>B<small>AETS</small>,

A<small>BRAHAMS</small> &

S<small>HEPPARD</small> LLP

terms to any third party, unless required by law.  This provision clearly indicates the signatories' interests in maintaining the confidentiality of the information and terms contained within the Agreement.  To date, Mr. Adelman and Defendant have abided by the terms of the Agreement and honored the signatories' intent to maintain the entire Agreement in confidence.  Defendant has not produced the Agreement to any third parties, save for counsel and agents.  Defendant did not dispute the potential relevance of the Agreement under the relatively broad scope of Fed. R. Civ. P. 26 but instead produced the Agreement as AEO to permit counsel to review the Agreement for the purposes of this litigation, without subjecting any innocent third parties to unnecessary harm.  *See United States v. Mount Sinai Hosp.*, 185 F. Supp. 3d 383, 396 (S.D.N.Y. 2016) (upholding AEO designation on two documents where production "would be highly likely to harm non-party individuals"); *cf. Aztec Energy Partners, Inc. v. Sensor Switch, Inc.*, No. 3:07CV771 (AHN), 2008 WL 4426956, at *2 (D. Conn. Sept. 26, 2008) (granting motion to compel unredacted spreadsheets containing confidential business information only under an AEO designation).

Defendant did not designate the Agreement as AEO merely based on the "acrimonious history" between the parties.  Rather, Defendant carefully selected this designation to protect the third-party interests of the signatories to and the individuals named in the Agreement, to follow the express confidentiality provision contained in the Agreement, and to avoid the high likelihood that Plaintiff would freely disclose the confidential terms of the Agreement.  Indeed, Plaintiff has already disclosed at least one confidential term of the Agreement in the Complaint: the purchase price.  *See* Dkt. No. 1 ¶ 39; *see also* Dkt. No. 11.  It is unclear how Plaintiff discovered the confidential purchase price, but she also disclosed the price in a public court filing in the probate proceeding for the Estate.  In addition to Plaintiff's public disclosure of confidential information, as evident from the documents produced in discovery, Plaintiff also has a history of harassing third parties over uses of Mr. Adelman's photographs, including, *inter alia*, powerHouse Cultural Entertainment, Inc., Barnes & Noble, and the Library of Congress.  Plaintiff asks the Court to order production of the Agreement without redactions (or at least with extremely minimal redactions, limited to the buyer's name), but this would not prevent the anticipated harm to unwitting third parties, who have a substantial interest in maintaining their highly confidential business information and proprietary terms in the Agreement in confidence.

Plaintiff's case law is inapposite.  For example, *Morgan Art Found. Ltd. v. McKenzie* dealt with a motion to compel production of a confidential settlement agreement between a "pivotal witness" and one of the defendants.  No. 18-CV-4438 (BCM), 2020 WL 3578251, at *5 (S.D.N.Y. July 1, 2020).  The court there held that, because of the importance of the witness, the remaining parties in the case were "entitled to full details of the settlement agreement now governing his participation in this action."  *Id.* at *6.  The same considerations do not apply here, where no party to the Agreement would serve as a witness in this case, and the Agreement would not be used to question



or impeach the witness. *Sparks v. Seltzer* is likewise inapt. There, the court was not considering a motion to compel, but rather, whether an employment confidentiality agreement would bar a former employee from testifying at a deposition, where the employee had "relevant and unique information, unavailable from other sources." No. 05-CV-1061(NG)(KAM), 2006 WL 2358157, at *4 (E.D.N.Y. Aug. 14, 2006). Both of these cases involved a confidentiality agreement that was preventing a pivotal witness with unique knowledge from fully testifying or answering questions. The same situation does not apply here.

Moreover, Plaintiff's argument that "the Agreements are central to Plaintiff's understanding and prosecution of this case" is unfounded. This litigation does not center on Adelman's sale of his physical archive; the crux of the case is whether Plaintiff holds a joint copyright in Adelman's photographs. *See* Dkt. No. 1 ¶ 1; Dkt. No. 37 ("The principal question . . . is whether Hall holds a joint copyright in photographs that Adelman captured for the books."). As detailed in Defendant's motion to dismiss, Plaintiff is not entitled to any subsidiary remedies, such as an accounting, unless she establishes joint copyright ownership in the photographs. *See* Dkt. No. 34 at 14–15. Plaintiff seeks to ground her request for de-designation on the importance of the sale to this litigation, but the hundred or so photographs at issue in this case pale in comparison to hundreds of thousands of images in Adelman's archive that he captured over the course of his nearly 50-year career as a photographer. The sale of Adelman's physical archive predominantly included negatives, prints, film, and ephemera from Adelman's time photographing the Civil Rights movement and taking portraits of famous artists, which are undisputedly the sole works of Adelman. Defendant provided the appraisal detailing the contents of the archive to Plaintiff under a "Confidential" designation, allowing her to review the minimal amount of photographs from the books included in the sale. As this Agreement is the only document out of Defendant's entire production that Defendant designated as AEO, it is highly unlikely that it is central to her case, particularly as there was no transfer of copyright in the sale. There is no compelling reason why Plaintiff would need to review the confidential and proprietary terms contained within the Agreement in order to prosecute her case. In light of the highly confidential information contained within the Agreement, the privacy interests of unrepresented third parties, and the likelihood of harm that would result from disclosure to Ms. Hall, the Court should deny Plaintiff's request to compel production of the Agreement in its entirety under a "Confidential" designation.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

*Nancy E. Wolff*
Nancy E. Wolff